**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

DOUGLAS PERTZ,

     Plaintiff,

v.

MRV BANKS; JPMORGAN CHASE
BANK, N.A.; CREDIT FIRST
NATIONAL ASSOCIATION; LVNV
FUNDING LLC; DISCOVER BANK;
EXPERIAN INFORMATION
SOLUTIONS, INC.; EQUIFAX
INFORMATION SERVICES, LLC, and
TRANSUNION, LLC,

     Defendants.

Case No.: 6:24-cv-931

**Complaint for Damages:**
     **Violation of Fair Credit**
     **Reporting Act**

Plaintiff, Douglas Pertz, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.     INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.     PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Orange, Florida.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendants MRV Banks ("MRV"), JPMorgan Chase Bank, N.A.

("JPMCB"), Credit First National Association ("Credit First"), LVNV Funding LLC (LVNV"), and Discover Bank ("Discover") are at all times relevant hereto were lending institutions regularly doing business in the State of Florida.

5.  At all times pertinent hereto, Defendants MRV, JPMCB, Credit First, LVNV, and Discover are a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6.  Defendants MRV, JPMCB, Credit First, LVNV, and Discover are at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.  Defendants MRV, JPMCB, Credit First, LVNV, and Discover are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.  Defendant Experian Information Solutions, Inc. is a corporation existing under the laws of Florida.

9.  Defendant, Experian Information Solutions, Inc.  ("Experian"), is a credit reporting agency, licensed to do business in Florida.

10.  Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Florida.

11.  Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

12.  Experian furnishes such consumer reports to third parties under contract for monetary compensation.

13.  At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

14.  Defendant, Equifax Information Services, LLC ("Equifax"), is a credit reporting agency, licensed to do business in Florida.

15.  Defendant Equifax is, and at all times relevant hereto was, regularly doing

business in the State of Florida.

16.     Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

17.     Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

18.     At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

19.     Defendant, TransUnion, LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Florida.

20.     Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Florida.

21.     TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

22.     TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

23.     At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

24.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

25.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

26.     Personal jurisdiction exists over Defendants as Plaintiff resides in Florida, Defendants have the necessary minimum contacts with the state of Florida, and this suit

arises out of specific conduct with Plaintiff in Florida.

## IV.     FACTUAL ALLEGATIONS

27.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants MRV, JPMCB, Credit First, LVNV, Discover, Experian, Equifax and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

28.     Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

29.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

30.     Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681e(b).

31.     Plaintiff discovered the MRV account# 426498000246****, JPMCB account # 426684151817****, Credit First account # 271742005002****, LVNV account # 405731060104****, and Discover account # 60110055**** on his Equifax, Experian, and TransUnion consumer reports in error (the "Accounts").

32.     Plaintiff completed a Federal Trade Commission Identity Theft Report, under penalty of perjury, reporting the fraudulent information associated with the Accounts for investigation and prosecution.

33.     Plaintiff completed a Police Report with the Winter Park Police Department of Florida, under penalty of perjury, reporting the fraudulent information associated with the Accounts for investigation and prosecution.

34.     The Defendants continue erroneously to report the Accounts with balance due and owing inclusive of late fees and penalties, and a derogatory status to Experian, Equifax and TransUnion which are CRAs and which report accounts on Plaintiff's consumer reports that do not belong to the Plaintiff.

35.    The false information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates credit utilization.

**PLAINTIFF'S WRITTEN DISPUTE**

36.    On or about January 18, 2024 and March 19, 2024, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer report.

37.    On or about January 18, 2024 and March 19, 2024, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding Accounts reporting on Plaintiff's consumer report.

38.    On or about January 18, 2024 and March 19, 2024 and March 28, 2024, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer reports.

39.    Upon information and belief, Equifax, Experian and TransUnion forwarded Plaintiff's Disputes (collectively the "Dispute Letters") to Defendants MRV, JPMCB, Credit First, LVNV, and Discover.

40.    Upon information and belief, MRV, JPMCB, Credit First, LVNV and Discover received notification of Plaintiff's Dispute Letters from Equifax, Experian, and TransUnion.

41.    Upon information and belief, MRV, JPMCB, Credit First, LVNV, and Discover verified the erroneous information associated with the Accounts to Equifax, Experian, and TransUnion.

42.    MRV, JPMCB, Credit First, LVNV and Discover failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

43.    Equifax, Experian, and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

44.     Upon information and belief, MRV, JPMCB, Credit First, LVNV and Discover failed to instruct Equifax, Experian, and TransUnion to remove the false information regarding the Accounts reporting on Plaintiff's consumer reports.

45.     Equifax, Experian, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Dispute Letters.

46.     At no point after receiving the Dispute Letters did MRV, JPMCB, Credit First, LVNV, Discover, Equifax, Experian, or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

47.     Equifax, Experian, and TransUnion relied on their own judgment and the information provided to them by MRV, JPMCB, Credit First, LVNV and Discover rather than grant credence to the information provided by Plaintiff.

48.     The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Accounts.

49.     Plaintiff was denied $150, 000 in a reverse mortgage due to the erroneous information associated with the Accounts.

50.     Plaintiff has lost time working to resolve the adverse information associated with the Accounts to prevent harm.

## COUNT I – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

51.     Plaintiff re-alleges and reaffirms the above paragraphs 1-50 as though fully set forth herein.

52.     After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

53.     Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained

concerning Plaintiff.

54.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56.     In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

57.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

58.     Plaintiff re-alleges and reaffirms the above paragraphs 1-50 as though fully set forth herein.

59.     After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

60.     Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

61.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

63.     In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

64.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

65.     Plaintiff re-alleges and reaffirms the above paragraphs 1-50 as though fully set forth herein.

66.     After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

67.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

68.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

69.     Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

70.     In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

71.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

72.     Plaintiff re-alleges and reaffirms the above paragraphs 1-50 as though fully set forth herein.

73.     After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

74.     Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

75.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

76.     Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

77.     In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

78.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

79.     Plaintiff re-alleges and reaffirms the above paragraphs 1-50 as though fully

set forth herein.

80.     After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

81.     Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

82.     As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

83.     Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

84.     In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

85.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – TRANSUNION

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

86.     Plaintiff re-alleges and reaffirms the above paragraphs 1-50 as though fully set forth herein.

87.     After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer

report.

88.     Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

89.     As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

90.     Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

91.     In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

92.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VII – EQUIFAX, EXPERIAN, AND TRANSUNION

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681c-2

93.     Plaintiff re-alleges and reaffirms the above paragraphs 1-50 as though fully set forth herein.

94.     Plaintiff submitted a Federal Trade Commission Identity Theft Report to Equifax, Experian, and TransUnion that listed the Accounts as information that reports

as a result of identity theft.

95.     After receiving the Dispute Letters containing Plaintiff's Federal Trade Commission Identity Theft Report, Equifax, Experian and TransUnion failed to block the Accounts from reporting on the Plaintiff's Equifax, Experian and TransUnion consumer reports.

96.     Equifax, Experian, and TransUnion violated 15 U.S.C. §1681c-2 by failing to block the reporting of any information on Equifax, Experian, and TransUnion consumer reports that the Plaintiff identified as information that resulted from identity theft.

## COUNT VIII – MRV, JPMCB, CREDIT FIRST, LVNV, DISCOVER
## Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

97.     Plaintiff re-alleges and reaffirms the above paragraphs 1-50 as though fully set forth herein.

98.     After receiving the Dispute Letters, MRV, JPMCB, Credit First, LVNV, and Discover failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

99.     Defendants violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendants MRV, JPMCB, Credit First, LVNV, and Discover's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendants MRV, JPMCB, Credit First, LVNV, and Discover's representations to consumer credit reporting agencies, among other unlawful conduct.

100.    As a result of this conduct, action, and inaction of Defendants MRV, JPMCB, Credit First, LVNV, and Discover, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional

distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

101.    Defendants MRV, JPMCB, Credit First, LVNV, and Discover's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

102.    In the alternative, Defendants MRV, JPMCB, Credit First, LVNV, and Discover were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

103.    Plaintiff is entitled to recover costs and attorneys' fees from Defendants MRV, JPMCB, Credit First, LVNV, and Discover pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.  Jury trial;

B.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted May 20, 2024.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Trescot Gear*
Gear Law, LLC
1405 W. Swann Ave.
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff